hk/kaw

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| )  | |
| **Plaintiff,**     ) | |
| )  | |
| vs.     ) | **Case No. 05-40157-01-JAR** |
| )  | |
| ALBERT LAWRENCE VAUGHAN,     ) | |
| )  | |
| **Defendant.**     ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Defendant Albert Vaughan was indicted for armed bank robbery, assault and using or

carrying a firearm.  Ten months after the bank robbery, police asked the bank tellers to identify

the robber in a photographic line-up of six men, which included the defendant.  One of the tellers

positively identified the defendant as the individual who robbed the bank.  This matter is before

the Court on defendant's Motion to Suppress Identification.  (Doc. 16).  Defendant argues that

the photo line-up was impermissibly suggestive and the teller's identification was unreliable,

thereby violating his constitutional right to due process of law.  For the reasons explained in

detail below, defendant's motion is denied.

**I.      Background**

On October 15, 2004, the First Bank of Kansas in Salina, Kansas was robbed by a young,

white male believed to be between the ages of twenty-five and twenty-eight years old.  His face

was partially covered by a baseball cap and another cap, which was placed over his nose and

mouth.  Four bank tellers were present at the time of the robbery.  The robber approached one of

the tellers ("first teller") standing immediately behind the counter and demanded money.  When

she failed to respond, he pulled out a handgun and pointed it at her face.  Another teller standing

nearby, ("second teller"), directed the first teller to give the robber the money in her cash drawer.

As the second teller watched the bank robber, she noticed that the cap covering his nose and

mouth would occasionally fall to reveal his face.  The robber reportedly fired his gun at a cabinet

against the wall behind the two women.  He then directed the other two tellers to empty the cash

drawers near the drive-through window.  As the money was brought to the counter, the robber

stuffed the cash down the front of his pants.  When the drawers were emptied, he left the bank on

a bicycle.

On August 11, 2005, the Salina Police Department presented the four tellers with a

photographic lineup and asked them to identify the man who robbed the First Bank of Kansas on

October 15, 2004, some ten months before.  Three of the tellers were unable to positively

identify anyone.  However, the "second teller" identified defendant Albert Lawrence Vaughan as

the man who robbed the bank on October 15, 2004.  The defendant argues that the photo lineup

presented to the tellers was impermissibly suggestive and the teller's identification was

unreliable, thereby violating his right to due process of law.

II.     Discussion

"When the constitutionality of a photo array is challenged, the due process clause

requires a two-pronged inquiry."[1]  First, the court looks to see "whether the photo array was

---

[1] *United States v. Sanchez*, 24 F.3d 1259, 1261 (10th Cir. 1994).

impermissibly suggestive."[2]  In order to make this determination, the court must consider "the size of the array, the manner of its presentation by the officers, and the details of the photographs themselves."[3]  Courts have held that "a photo array with as few as six pictures is not per se unconstitutional."[4]  Instead, the size of the array goes to the weight to be given to the other irregularities in the photo array.[5]  If the photo array is impermissibly suggestive, then the court must proceed to the second prong.[6]

The second prong requires the Court to analyze the reliability of the identification under the totality of the circumstances.[7]  Reliability is determined by looking at five nonexclusive factors:  (1) the witness' opportunity to view the suspect at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of any prior description given by the witness, (4) the level of certainty demonstrated by the witness, and (5) the length of time between the crime and the witness's identification.[8]  If, however, the line-up is not "impermissibly suggestive" under the first prong, the Court need not proceed to the second prong.[9]

Here, the photo lineup includes six photographs which, in itself, is not unconstitutional.

---

[2]*Id.* at 1261-62.

[3]*Id.* at 1262.

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*United States v. Bredy*, 209 F.3d 1193, 1195-96 (10th Cir. 2000).

[9]*Sanchez*, 24 F.3d at 1262.

The physical appearance of each of the six men is very similar.  All six men have light-colored hair, receding hair lines, and some form of goatee.  Furthermore, they all have a light complexion and appear to be about the same age.  As noted by the government, no single individual has features or markings that would cause him to stand out from the rest.[10]  Because the photo array is not impermissibly suggestive, a discussion of the second prong is unnecessary.  The lineup does not violate the Due Process Clause of the Fourteenth Amendment to the Constitution.

Even if the lineup was impermissibly suggestive, the identification was reliable under the circumstances.  Defendant asserts that the identification was not reliable because the bank robber's face was partially covered.  However, the government proffers evidence to show that throughout the bank robbery, the "second teller" watched carefully and noticed that the bill covering the robber's face would occasionally fall to reveal his face.  Furthermore, the description of the bank robber is consistent with the descriptions offered to the police at the time of the robbery.  While the first teller was moving about the bank to obtain money from other drawers, the second teller was able to concentrate on the face of the bank robber and make an identification.  Defendant also argues that the ten months between the robbery and identification rendered the identification unreliable.  But, the second teller was able to observe the robber over a period of time, as he had the other three tellers empty cash drawers.  And, she was able to see his undisguised face occasionally, as the cap covering his nose and mouth fell away from his face.  Under the totality of the circumstances, the ten month period did not render this

---

[10]Doc. 20.

identification unreliable.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to

Suppress Identification (Doc. 16) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 8<u>th</u> day of February 2008.

           <u>S/ Julie A. Robinson</u>
           **Julie A. Robinson**
           **United States District Judge**

---

[11]*Lavernia v. Lynaugh*, 845 F.2d 493, 500 (5th Cir. 1988) (explaining that an identification made after a year is not unreliable).