# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-40157-JAR |
| ) | |
| **ALBERT LAWRENCE VAUGHAN,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Albert Vaughan's Motion to Clarify or For Reconsideration (Doc. 144), which was filed in response to the Court's November 12, 2009 Memorandum and Order (Doc. 136) denying defendant's Motion to Suppress, and granting in part and denying in part defendant's Motion in Limine.

Defendant has been charged with one count of bank robbery, using a dangerous weapon, occurring on October 15, 2004, at the First Bank of Kansas, 1333 W. Crawford, Salina, Kansas, in violation of 18 U.S.C. § 2113(d), and one count of using a firearm in the commission of a crime of violence, 18 U.S.C. § 924(c).[1] Defendant was arrested and interviewed by FBI Agents on June 29, 2005, wherein he denied committing the bank robbery at First Bank of Kansas. When questioned about other bank robberies, however, defendant made equivocal statements about some and explicitly confessed to committing others.

Defendant filed a motion to suppress his statements to FBI Agents, claiming they were involuntary, and moved to exclude evidence of prior bad acts under Fed. R. Evid. 404(b) as

---

[1](Doc. 1.)

propensity evidence that was more prejudicial than probative. The Court held an evidentiary hearing on October 14, 2009, wherein testimony was presented. The Court reviewed the evidence and the parties' submissions and found that defendant's statements to FBI Agents were made knowingly and voluntarily. Therefore, his statements regarding the bank robbery at First Bank of Kansas in Salina, Kansas on October 15, 2004 were admissible. However, because his statements regarding other robberies "reveal[ed] or suggest[ed] prior criminal conduct," they were subject to analysis under Fed. R. Evid. 404(b).[2]

Under Rule 404(b), the government sought to present *extrinsic* evidence of thirteen other bank robberies allegedly committed by defendant to show the "identity" of the robber at First Bank of Kansas on October 15, 2004. However, in applying Rule 404(b) and Rule 403, the Court found that only the Grand Junction, Colorado bank robbery on October 2, 2004 had a "signature quality" similar enough to the First Bank of Kansas robbery to give it probative value outweighing the danger of unfair prejudice as it related to the issue of the identity of the First Bank of Kansas robber. Although the Court did not set out its analysis in a separate section, its Rule 404(b) analysis equally applied to defendant's statements so that only his statements relating to the Grand Junction, Colorado bank robbery on October 2, 2004 were found to be admissible.

In defendant's present motion to reconsider or clarify, he states that if the Court's intention was to "admit the confession in addition to direct evidence of the Grand Junction robbery," the Court should *limit* direct evidence of the Grand Junction bank robbery and *exclude*

---

[2]*See United States v. Oberle*, 136 F.3d 1414, 1418 (10th Cir. 1998).

defendant's confession to a robbery in Grand Junction on October 2, 2004.[3] He argues that any direct- or cross-examination relating to the FBI interrogation would reveal the context of the interrogation, the reason defendant was in custody, and defendant's statements about how he committed multiple bank robberies (plural).[4] In response to defendant's motion, the government argues that defendant's statements to FBI Agents about a bank robbery in Grand Junction, Colorado on October 2, 2004, are "substantial evidence on the issue of identity," and the parties can structure direct- and cross-examination to avoid alluding to the other bank robberies.[5]

The standard for motions to reconsider in criminal cases is well established.

> Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.,* 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd,* 43 F.3d 1484, 1994 WL 708220 (10th Cir. Dec.21, 1994) (Table).
> 
> A court's rulings "are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Comeau v. Rupp,* 810 F. Supp. 1172, 1175 (D. Kan.1992); *see Refrigeration Sales Co. Inc. v. Mitchell-Jackson, Inc.,* 605 F. Supp.

---

[3](Doc. 144 at 1–2.)

[4]*Id.* at 2.

[5](Doc. 145 at 2.)

> 6, 7 (N.D. Ill. 1983), *aff'd,* 770 F.2d 98 (7th Cir. 1985). A motion
> to reconsider is not appropriate if the movant only wants the court
> to revisit issues already addressed or to hear new arguments or
> supporting facts that could have been presented originally.
> *Comeau v. Rupp,* 810 F. Supp. at 1175[;] *Koch v. Koch Industries,
> Inc.,* 6 F. Supp. 2d 1207, 1209 (D. Kan. 1998). The decision
> whether to grant or deny a motion to reconsider is committed to
> the court's sound discretion. *Hancock v. City of Oklahoma City,*
> 857 F.2d 1394, 1395 (10th Cir.1988).[6]

Defendant has not met this standard. He has not presented any new facts, pointed the Court to a change in Tenth Circuit precedent, or alleged circumstances showing clear error or manifest injustice resulting from the Court's ruling. Rather, he asks the Court to re-apply the Rule 403 balancing test and limit the evidence that the government may present on the Grand Junction bank robbery for the following reasons: (1) defendant's statements about the Grand Junction bank robbery have little probative value in light of all the direct evidence of the robbery available to the government, (2) admitting defendant's statements will create the inference that defendant was in custody for multiple other bank robberies, and (3) defense counsel cannot effectively cross-examine witnesses about the interrogation without discussing the many other bank robberies.

In requesting the Court re-apply Rule 403 balancing, defendant cites to one Seventh Circuit case, which is not binding on this Court and which the Court finds inapposite. As the government points out, there are critical points of difference between *United States v. Bailey*[7] and the present case. In *Bailey*, the Seventh Circuit questioned the trial court's decision to admit defendant's statements about other bank robberies as probative of "identity" under Rule 404(b)

---

[6] *United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2006) (citing *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170–71 (D. Kan. 1999)).

[7] 957 F.2d 439 (7th Cir. 1992).

without first applying the Rule 403 balancing test.[8] Furthermore, in applying Rule 403, the Seventh Circuit noted that defendant already confessed to the bank robbery with which he was charged, making evidence of other bank robberies less probative on the issue of identity.[9] However, because both its probative value *and* the danger of unfair prejudice were minimal, the Seventh Circuit found that the admission of the other bank robbery as evidence of identity was "harmless error."[10]

In considering evidence under Rule 404(b), the Supreme Court instructs courts to weigh four factors: (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3) whether the probative value is not substantially outweighed by its potential for unfair prejudice, and (4) whether the court provided a limiting instruction at defendant's request.[11] In defendant's motion to reconsider, he only asks the Court to reconsider the third factor and re-apply the Fed. R. Evid. 403 balancing test.

The Court thoroughly applied Rule 403 in its original Memorandum and Order and concluded that the probative value of the Grand Junction bank robbery substantially outweighs any danger of unfair prejudice because it has a signature quality with the Salina, Kansas bank robbery, giving it probative value on the issue of "identity."[12] Furthermore, defendant's

---

[8] *Id.* at 442.

[9] *Id.*

[10] *Id.*

[11] *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

[12] Rather than to repeat the Court's findings and conclusions from its prior order, the Court refers the parties to its original Memorandum and Order setting out the facts that contributed to a "signature quality." (Doc. 136 at 32–33, 36–37).

statements about a Grand Junction robbery were consistent with the facts of the Grand Junction bank robbery proffered by the government, making the Grand Junction bank robbery even more probative on the issue of "identity." Finally, because defendant *denied* committing the Salina, Kansas bank robbery with which he is presently charged, his statements relating to a Grand Junction robbery (which, according to the government, is the bank robbery that shares a signature quality with the Salina, Kansas bank robbery) are *highly* probative of identity. Unlike the evidence in *Bailey*, the probative value of the Grand Junction bank robbery on the issue of identity in this case substantially outweighs any danger of unfair prejudice to the defendant. To whatever extent the Grand Junction robbery may be harmful to defendant's case, the evidence does not *unfairly* prejudice defendant, and its probative value is not *substantially* outweighed by any prejudice it may pose to defendant, especially in light of the fact that the Court excluded evidence of twelve other robberies proffered by the government.[13]

Defendant correctly notes that his statements regarding the Grand Junction bank robbery were not an unequivocal confession to the exact Grand Junction bank robbery identified by FBI

---

[13]*See United States v. Tan*, 254 F.3d 1204, 1211–12 (10th Cir. 2001). The Tenth Circuit clarified how the Rule 403 balancing test is to be applied:

> First, we note that unfair prejudice does more than damage the Defendant's position at trial. Indeed, relevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense. In the Rule 403 context, however, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." [*United States v.*] *Rodriguez*, 192 F.3d [946,] at 951 [(10th Cir. 1999)] (quotation omitted) (emphasis added). Even if this type of prejudice is found, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403. FED. R. EVID. 403.

*Id.* at 1211–12.

Agents. Defendant gave a description of *a* bank robbery he committed in Grand Junction, Colorado on or around October 2, 2004, which may or may not be the same bank robbery proffered by the government as Rule 404(b) evidence of identity. As the Court previously noted, however,

> [d]efendant need not be convicted of the prior act before a court may admit evidence of its signature quality under Rule 404(b), but the court "must decide whether from the evidence 'the jury could reasonably find'–that the defendant committed or participated in the prior [] violations–'by a preponderance of the evidence.'"[14]

The concerns raised by defendant in his motion to reconsider appear to be those addressed by the United States Supreme Court in *Huddleston v. United States*.[15] The Supreme Court was asked to resolve a split among the Circuits on the issue of "whether the trial court must make a preliminary finding before 'similar act' and other Rule 404(b) evidence is submitted to the jury."[16] The Petitioner argued that "the jury ought not to be exposed to similar act evidence until the trial court has heard the evidence and made a [preliminary] determination under Federal Rule of Evidence 104(a) that the defendant committed the similar act,"[17] and such finding must be made "by at least a preponderance of the evidence."[18] Alternatively, Petitioner suggested that, in performing the Rule 403 balancing test, "the trial court must find that the

---

[14](Doc. 136 at 31) (citing *United States v. Andreopoulus*, No. 2:08-CR-24 TS, 2009 WL 2750464, at *2 (D. Utah Aug. 25, 2009); *United States v. Delay*, No. 03-40055-01-SAC, 2004 WL 433808, at *3 (D. Kan. Feb. 6, 2004)).

[15]485 U.S. 681 (1988).

[16]*Id.* at 685.

[17]*Id.* at 686.

[18]*Id.* at 687. FED. R. EVID. 104(a) provides that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)."

7

prejudicial potential of similar acts evidence substantially outweighs its probative value unless the court concludes by a preponderance of the evidence that the defendant committed the similar act."[19]

The Supreme Court rejected Petitioner's proposal to modify Rule 104 and Rule 403. Instead, the Supreme Court concluded that "evidence [of similar acts] should be admitted if there is sufficient evidence to support a finding *by the jury* that the defendant committed the similar act."[20] In reaching this conclusion, the Court noted that Rules 404 through 412 do not *prohibit* evidence, but merely *limit the purpose* for which such evidence may be introduced.[21] The text of Rule 404(b) does not require any preliminary findings "before such evidence may be introduced for a proper purpose."[22] Rather, if offered for a proper purpose, Rule 404(b) evidence is only subject to "general strictures limiting admissibility such as Rules 402 and 403."[23]

Evidence admitted under Rule 404(b) must be "*relevant*,"[24] and "[i]n the Rule 404(b) context, similar act evidence is *relevant* only if the jury can reasonably conclude [1] that the act occurred and [2] that the defendant was the actor."[25] Rule 404(b) is subject to Rule 104(b), which states: "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of

---

[19]*Huddleston*, 485 U.S. at 689 n.6.

[20]*Id.* at 685 (emphasis added); *United States v. Platero*, 72 F.3d 806, 814 (10th Cir. 1995) (holding that, "where there is such a question of relevancy depending on a condition of fact, like the relationship issue here, that question goes to the *jury* for a determination, not to the judge").

[21]*Huddleston*, 485 U.S. at 687.

[22]*Id.* at 687–88.

[23]*Id.* at 688.

[24]*Id.* at 689 (emphasis added).

[25]*Id.* (citing *United States v. Beechum*, 582 F.2d 898, 912–13 (5th Cir. 1978) (en banc)) (emphasis added); *see Dowling v. United States*, 493 U.S. 342, 346 (1990).

fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."[26] "In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence."[27] The Supreme Court explained how the government might introduce evidence of similar acts *and* evidence showing defendant committed those similar acts:

> The trial court has traditionally exercised the broadest sort of discretion in controlling the order of proof at trial, and we see nothing in the Rules of Evidence that would change this practice. Often the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding. If the proponent has failed to meet this minimal standard of proof, the trial court must instruct the jury to disregard the evidence.[28]

---

[26]*Huddleston*, 485 U.S. at 690 (quoting FED. R. EVID. 104(b)).

[27]*Id.* (citing 21 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5054, p. 269 (1977)).

[28]*Id.*; *see also* FED. R. EVID. 104(b), advisory committee's 1972 comments. The Supreme Court explained in a footnote:

> When an item of evidence is conditionally relevant, it is often not possible for the offeror to prove the fact upon which relevance is conditioned at the time the evidence is offered. In such cases it is customary to permit him to introduce the evidence and 'connect it up' later. Rule 104(b) continues this practice, specifically authorizing the judge to admit the evidence 'subject to' proof of the preliminary fact. It is, of course, not the responsibility of the judge sua sponte to insure that the foundation evidence is offered; the objector must move to strike the evidence if at the close of the trial the offeror has failed to satisfy the condition.

*Huddleston*, 485 U.S. at 690 n.7 (quoting 21 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5054, pp. 269–270 (1977) (footnotes omitted)).

In the present case, the most important evidence regarding relevance will be the government's ability to show that defendant was the person who robbed the Grand Junction, Colorado bank on October 2, 2004.[29] Evidence of the Grand Junction bank robbery committed on October 2, 2004 is only relevant under the government's theory of "identity" if the jury could reasonably find that defendant committed the Grand Junction bank robbery proffered by the government.[30] In the Court's November 12, 2009 Memorandum and Order (Doc. 136), Court found that the evidence proffered to the Court was sufficient to allow a jury to conclude that the defendant was more likely than not the individual who committed the Grand Junction bank robbery on October 2, 2004.[31] However, for the Court to allow a jury to make this determination, the jury must be permitted to consider defendant's statements to FBI Agents regarding the Grand Junction bank robbery he confessed to committing on October 2, 2004.

> The Court, however, may apply Rule 403 to defendant's statements. Rule 403 states,
> 
> > [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In this case, defendant's statements were not so equivocal as to place into question whether he intended to confess to a bank robbery in Grand Junction on October 2, 2004. The facts he recalled were specific and detailed, showing he remembered a specific bank robbery to which he

---

[29] *See United States v. Andreopoulos,* No. 2:08-CR-24 TS, 2009 WL 2750464 (D. Utah Aug. 25, 2009).

[30] *Huddleston*, 485 U.S. at 689 (holding that "[i]n the instant case, the evidence that petitioner was selling the televisions was relevant under the Government's theory only if the jury could reasonably find that the televisions were stolen.").

[31] (Doc. 136 at 33, 37.)

10

intended to confess. Although his statements were made in the context of other confessions, the Court has provided guidance, set out below, as to what details may be discussed by the government at trial. Defendant's statements are highly probative on the conditional fact which the jury must decide: whether he committed the "similar act." Although defendant's statements are prejudicial to him, they were made voluntarily and knowingly, and are not *unfairly* prejudicial and do not *substantially* outweigh their probative value. Should defendant request a limiting instruction at trial, the Court will inform the jury that evidence of the Grand Junction bank robbery, and defendant's statements relating to that robbery, are only to be considered as they relate to the issue of identity, and not to prove character. The instruction will further reduce the danger of unfair prejudice or confusion of the issues.

In his motion to reconsider, defendant has produced no new evidence or case law contradicting the Court's original findings. Therefore, the Court upholds its prior decision and reasoning, but provides the following clarification. To prevent any inference that defendant committed multiple other bank robberies or confessed to other inadmissible bank robberies in the interview with FBI Agents, the evidence introduced by the government should be limited as follows: On direct examination, the government should not discuss the fact that defendant was in custody, the location where he was interrogated, the length of the interview, or the place of the interview.

The following information, however, is admissible: defendant was interviewed by FBI Agents on June 29, 2005 (no other details about his custody are admissible); defendant denied committing the Kansas bank robbery, but admitted that he committed a bank robbery in Grand Junction, Colorado on October 2, 2004. Defendant provided the following details about the

11

Grand Junction bank robbery he committed:

> Vaughan had left Las Vegas and was staying at a motel in Grand Junction. Vaughan played pool at a pool hall in Grand Junction located on North Main Street. The bank Vaughan robbed was located by a King Soopers. Vaughan recalled that there were three young girls who were the bank tellers. The three tellers gave Vaughan so much money that he asked them to stop and left some money on the counter at the bank. Vaughan got approximately $20,000 from that bank robbery.[32]

The government would also be permitted to introduce evidence that defendant was shown photographs of the October 15, 2004 bank robbery at First Bank of Kansas in Salina, Kansas, but stated he did not commit the robbery. Defendant explained he got $20,000 during the Grand Junction robbery and had no reason to rob a bank in Kansas only a few weeks after the Grand Junction robbery.[33] No other statements by defendant are admissible during the government's case-in-chief or during the government's direct examination of its witnesses.

Furthermore, under Rule 404(b), the government can produce evidence (independent of defendant's statements) about the Grand Junction bank robbery that is probative on the issue of the identity of the Salina, Kansas bank robber. This might include a description of the robber, or other indicia showing the similarities between the Grand Junction robbery and the Salina, Kansas robbery, and the similarities between the Grand Junction bank robbery that defendant described to FBI Agents and the Grand Junction bank robbery proffered by the government. The following factors are relevant to showing "identity": the robber's physical description, age, clothing, type of hat worn, the use of the bill from a second baseball cap to disguise his nose and mouth, instructions the robber gave to bank tellers, type of gun brandished, place where the money was

---

[32] Government's *Notice* Pursuant to Rule 404(b), Federal Rules of Evidence (Doc. 64 at 20).

[33] *Id.* at 21.

stored on the robber's person, and use of a bicycle as an escape vehicle. The government might also introduce evidence showing the close geographic and temporal proximity between the two robberies. This list is illustrative, not exhaustive.

Finally, the Court declines to discuss what evidence might become admissible in light of cross-examination or in light of any evidence defendant may choose to present, until those issues arise at trial.

**IT IS THEREFORE ORDERED** that defendant's motion to reconsider is **OVERRULED**, and defendant's motion to clarify is **GRANTED.** Defendant's statements relating to a bank robbery in Grand Junction, Colorado on October 2, 2004 are admissible. Only the limited details of defendant's interview with FBI Agents, outlined above, may be discussed in the government's case-in-chief. Under Rule 404(b), the government may also introduce in its case-in-chief other extrinsic evidence of the Grand Junction bank robbery, to the extent it relates to "identity" under Fed. R. Evid. 404(b).

**IT IS FURTHER ORDERED** that the Court reserves until trial any evidentiary rulings about the admissibility of evidence in light of cross-examination or in light of evidence defendant may choose to present.

**IT IS SO ORDERED.**

Dated: February 1, 2010

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE