# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-40157-JAR |
| | ) | |
| ALBERT LAWRENCE VAUGHAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Albert Lawrence Vaughan's Motion for New Trial (Doc. 173). The matter is fully briefed and the Court is prepared to rule. For the reasons explained in detail below, the Court denies defendant's motion.

## I.    Background

On May 7, 2010, the jury found defendant guilty on both counts of the Indictment, one count of armed robbery of the First Bank of Kansas in Salina, Kansas on October 15, 2004 and one count of carrying a firearm during and in relation to a crime of violence, or possessing a firearm in furtherance of such crime. Now, pursuant to Federal Rule of Criminal Procedure 33, defendant moves the Court to vacate the jury's verdict and grant a new trial. Defendant bases his motion on the argument that, under Federal Rules of Evidence 404(b) and 403, the Court erred in admitting an apology letter written by defendant.

Prior to trial, the Court denied defendant's Motion to Suppress Statement, and granted in part and denied in part his Motion in Limine Regarding Prior Bad Acts. In its limine order, the Court excluded all evidence of twelve other bank robberies allegedly committed by defendant except for evidence relating to a bank robbery in Grand Junction, Colorado which occurred on

October 2, 2004, thirteen days before the robbery charged in this Indictment.   The Court stated:

> [D]efendant's motion to suppress [his statements to FBI Agents] is
> denied, as his statements were voluntary.  This does not
> necessarily mean that the defendant's statements are admissible,
> however.  Even though defendant's statements are party
> admissions under Fed. R. Evid. 801(d), and thus not hearsay, they
> must also meet the requirements of Fed. R. Evid. 403; and they
> must meet the requirements of Fed. R. Evid. 404(b) if they reveal
> or suggest prior criminal conduct, as they do in this case.  In that
> regard, for the reasons set forth in detail below, the defendant's
> motion in limine regarding evidence, including defendant's
> admissions, of other bank robberies is granted in part and denied in
> part.  The Court grants the motion and excludes evidence,
> including defendant's admissions, of all other bank robberies
> except for the bank robbery at the Bank of Colorado in Grand
> Junction, Colorado on October 2, 2004.  Evidence of that particular
> bank robbery, including defendant's statements and admissions
> concerning his involvement in a bank robbery in Grand Junction
> on or about that date, are admissible under Rule 404(b).  All other
> evidence and admissions about other bank robberies will be
> excluded.[1]

In this limine order, the Court found that the Grand Junction bank robbery had a

signature quality with the Salina, Kansas bank robbery and therefore was probative on the key

issue of identity in this case and properly admitted under Rule 404(b), as well as Rule 403.  In so

holding, however, the Court excluded defendant's statements regarding his modus operandi for

bank robberies in general because such general statements of strategy gave the appearance that

defendant was involved in a bank robbing spree involving bank robberies other than the other

robbery admitted under Rule 404(b).

During trial, defendant objected to admission of a letter that defendant wrote at the

conclusion of the FBI's interview of him.  Defendant argued that admission of the letter violated

---

[1](Doc. 136 at 1–2.)

the Court's limine ruling.  During the interview, the FBI had questioned the defendant about numerous bank robberies,  including the Salina and Grand Junction robberies.  At the close of the FBI interview, defendant was "given the opportunity to write an apology letter to the bank tellers he robbed."[2]  Defendant wrote a short apology letter.  The letter contained no date, no salutation, and no signature.  The entire content of the letter read as follows:

> I would like to take this opportunity to apologize to you.  I did not mean to scare you to this degree.  I would like to say that you were never in any danger.  I'm actually a very nice and thoughtful person and if I knew that this would have affected the way it did, I would never of entered that bank.  This makes me realize that I probably have scared a few other people, which I'm sorry about.  I hope you can leave this experience in the past.  I know that I will be trying.

> Once again I do feel bad and I'm very <u>sorry</u>.[3]

At trial, outside the hearing of the jury, the government proffered that the letter was written to "all the tellers" from all the robberies, and defense counsel stated, "yeah, it may be to all tellers generally."[4]  Although there was additional discussion by counsel regarding the context in which the letter was written, the Court ultimately overruled defendant's objection, stating:

> All right.  Well, I think I will allow the letter in as long as it's—the testimony indicates that he was given the opportunity to write an apology letter and he did.  Or to the tellers. . . . Don't go any further than just saying "to the tellers."  This letter, Exhibit 44, is an apology and it does have a statement, "This makes me realize I probably have scared a few other people which I'm sorry about."  That statement is probative obviously.  This letter itself is—is

---

[2](Doc. 173, Ex. 1 at 7.)

[3]Gov't Ex. 44 (emphasis in original).

[4](Doc. 176 at 4.)

probative, as well as being prejudicial.

On balance, though, I think it survives a Rule 403 balancing because it doesn't—there's nothing indicative in this letter that at all indicates that there were other robberies that this defendant acknowledged or talked about.  So in that sense, I don't think it's overly prejudicial.[5]

In front of the jury, before the letter was admitted into evidence, the government asked FBI Agent Abbott: "[A]t the conclusion of your conversation with the defendant you gave him an opportunity to write an apology letter to the tellers.  Correct?"[6]  The agent responded: "That is correct."[7]  Abbott then identified the letter, and the Court admitted the letter in evidence

## II.    Standards

Federal Rule of Criminal Procedure 33(a) states: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  "In other words, if after weighing the evidence and the credibility of the witnesses, the court determines that the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred, it may grant the defendant's motion."[8]  However, the Tenth Circuit has cautioned that "[b]oth motions for mistrial and new trial call for an examination of the prejudicial impact of an error or errors when viewed in the context of an entire case."[9]

Any error that would require reversal on appeal is a sufficient basis for granting a new

---

[5]*Id.* at 5–6.

[6]*Id.* at 7.

[7]*Id.*

[8]*United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (internal citations and quotations omitted).

[9]*Id.*

trial.[10]  Evidentiary rulings are reversed only when "manifestly erroneous."[11]  However, if the erroneous ruling "does not affect substantial rights and does not result in actual prejudice, the error is harmless and does not merit reversal."[12]  "A motion for new trial is not regarded with favor and is only issued with great caution."[13]  "An alleged error by the trial court constitutes grounds for granting a new trial only where the trial court concludes that, absent the alleged error, a jury would likely have reached a contrary result."[14]

"[A] litigant is entitled to a fair trial but not a perfect one, for there are no perfect trials."[15]  The defendant has the burden of proving the need for a new trial,[16] but the decision whether to grant a motion for new trial is committed to the sound discretion of the trial court.[17]

## III.  Discussion

Defendant moves the Court to vacate the jury's verdict and grant a new trial, arguing the Court erred in admitting the apology letter under Rules 404(b) and 403.  Defendant argues that the apology was not specific either to the Salina or Grand Junction robberies and, thus, appeared to be a confession to committing other bank robberies excluded by the Court under Rule 404(b).

---

[10]*United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted).

[11]*United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993) (citation omitted).

[12]*Id.*

[13]*United States v. Herrera*, 481 F.3d 1266, 1269–70 (10th Cir. 2007) (citing *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998)).

[14]*Richins v. Deere & Co.*, 231 F.R.D. 623, 625 (D.N.M. 2004).

[15]*McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984) (quoting *Brown v. United States*, 411 U.S. 233, 231–32 (1973)) (internal alternations omitted).

[16]*Walters*, 89 F. Supp. 2d at 1213 (quotations and citations omitted).

[17]*United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992).

The defendant further argues that the probative value of the letter was substantially outweighed by its danger of unfair prejudice under Rule 403 because it suggested to the jury that defendant committed bank robberies other than the Grand Junction robbery, implicating him either in the Salina bank robbery itself or other robberies altogether.

The Court finds that its Rule 404(b) evidentiary ruling was correct. Prior to trial, after a thorough evidentiary hearing and a thorough review of the facts and law, the Court excluded evidence of twelve other bank robberies and allowed only evidence regarding the Grand Junction bank robbery to be admitted. This evidence was carefully scrutinized under Rule 404(b), and properly admitted, as explained by the Court's previous Memorandum and Orders.[18] The Grand Junction bank robbery contained a "signature quality" with the Salina bank robbery and, therefore, was relevant on the issue of the identity of the bank robber in the Salina robbery. The Court gave the jury a limiting instruction at the time the Rule 404(b) evidence was admitted at trial and again in the final jury instructions.

With regard to the apology letter, the Court's ruling was also correct. Defendant attached to his Motion for New Trial a copy of the summary of his interview with FBI Agents. The Court has reviewed this exhibit. The summary indicates that the letter was not written in response to any particular bank robbery, as defendant suggests, but was written at the close of the interview with FBI Agents, when the Agents advised defendant he could write "an apology letter to the

---

[18]Rather than repeat the Court's previous rulings, the Court incorporates by reference its two Memorandum and Orders, Documents 136 and 148, in which it set forth the justification for its Rule 404(b) ruling. During trial, in light of the evidence presented by the government, the Court reaffirmed its limine ruling as a matter of law. "The admissibility of Rule 404(b) evidence will generally be a fact-bound determination, depending to a significant degree on the character of the other evidence admitted at trial, all of which requires a balancing of probative value versus unfair prejudice at trial." *United States v. Lawson*, 153 F.3d 729, 1998 WL 438662, at *4 (10th Cir. July 15, 1998); *see also United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (noting that "[a] trial court may alter its limine ruling based on developments at trial or on its own sound judicial discretion").

bank tellers he robbed."[19]  Prior to the close of the interview, defendant admitted to robbing a

bank in Grand Junction, Colorado on October 2, 2004, which involved three young women.  Just

prior to writing the apology letter, defendant explained to FBI agents that he robbed a bank in

Grand Junction on October 2, 2004, and therefore had no reason to rob a bank in Kansas "only a

few weeks" later.[20]  The letter, therefore, was prepared in temporal proximity to this statement

and was relevant to the Grand Junction bank robbery he confessed to committing.

More importantly although the letter does not specifically implicate defendant in the

Salina or Grand Junction robberies, the letter does not suggest that any other bank robberies

were committed.  Defendant did not address the letter to any particular person, the letter does not

speak to any particular date(s), and the letter did not reference other "bank robberies," as

defendant suggests.  Rather, the letter mentioned "that bank" and suggested that "other people"

may have been frightened by the incident.  The letter, therefore, does not implicate defendant in

multiple bank robberies, but only implicates him in one unidentified robbery.  Finally, to the

extent the letter mentioned "other people," the Grand Junction bank robbery to which defendant

confessed involved "three young girls who were the bank tellers."[21]  Therefore, the letter was

relevant to the Grand Junction bank robbery—evidence which this Court found admissible under

Rule 404(b), and did not suggest that defendant committed more than one bank robbery.

At the time the letter was admitted, the Court performed the Rule 403 balancing test and

concluded that the probative value of the letter outweighed its prejudicial effect.  The Tenth

---

[19](Doc. 173, Ex. 1 at 7.)

[20]*Id.*

[21]*Id.* at 6.

Circuit has explained that the "unfair prejudice" contemplated by Rule 403 "does more than damage the Defendant's position at trial."[22]  Unfair prejudice means "'an undue tendency to suggest decision on an improper basis,' commonly an emotional one, wholly apart from the accused's guilt or innocence of the crime charged."[23]  The Court explained:

> [R]elevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense. In the Rule 403 context, however, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense of the crime charged."  Even if this type of prejudice is found, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403.[24]

The letter represented a confession to a bank robbery in Grand Junction; evidence of such robbery the Court found to be admissible under Rule 404(b).[25]  There is no indication in the letter itself or in the evidence admitted at trial that defendant confessed to the Salina bank robbery or that defendant admitted any personal involvement in any bank robbery other than the Grand Junction bank robbery.  The government's examination of Agent Abbott regarding the letter was extremely brief.  The letter was introduced as an apology written "to the tellers,"[26] and the letter

---

[22]*United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001).

[23]*United States v. Delay*, 03-40055-01-SAC, 2004 WL 433808, at *3 (D. Kan. Feb. 6, 2004) (citing *Tan*, 254 F.3d at 1211–12).

[24]*Tan*, 254 F.3d at 1211–12 (citing *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999)) (emphasis in original, internal citations omitted).

[25]Before trial, the Court found that, from the evidence, a jury could reasonably find that defendant committed the prior uncharged act by a preponderance of the evidence.  *See* Doc. 144; *United States v. Cline*, 188 F. Supp. 2d 1287, 1297 n.8 (D. Kan. 2002) (citing *Huddleston v. United States*, 485 U.S. 681, 690–91 (1988)).

[26](Doc. 176 at 7.)

gives no indication of other criminal activity beyond one bank robbery and the possibility that "that bank" robbery evoked fear in "a few other people."[27]  To defendant's benefit, the letter expressed remorse and a desire to put "this experience" behind him.[28]  In the context of the evidence at trial, the letter did not bear the kind of unfair prejudice substantially outweighing all probative value, which Rule 403 is designed to protect against.   Moreover, the Court gave the jury a limiting instruction regarding *all* evidence related to the Grand Junction bank robbery both at the time the evidence was admitted and in the final jury instructions.

Even assuming, *arguendo*, the Court erred in admitting the letter, the alleged error did not affect defendant's substantial rights.  Such errors are considered harmless "unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect."[29]  The prejudicial effect stemming from admission of the letter, to the extent it exists, is minimized by the overwhelming evidence that independently implicated defendant in the Salina bank robbery.

In *United States v. Wright*,[30] a case similar to the present one, a defendant claimed that the court improperly allowed references to other crimes allegedly committed by the defendant.[31] The court held that the evidentiary rulings were proper, but even in the event that any of the rulings were erroneous, they did not unfairly prejudice the defendant to the extent they would

---

[27]Gov't Ex. 44.

[28]*Id.*

[29]*United States v. Wacker*, 72 F.3d 1453, 1473 (10th Cir. 1995) (quoting *United States v. Flanagan*, 34 F.3d 949, 955 (10th Cir. 1994)).

[30]Case No. 04-20101-01-CM, 2006 WL 2522728 (D. Kan. Jan. 11, 2006)

[31]*Id.* at *2.

require a new trial.[32]  The court noted that the evidence of the defendant's guilt presented at trial was overwhelming and the defendant was not prejudiced, and stated, "[a] new trial is necessary only where the court cannot find with reasonable certainty that the reference to [the inadmissible evidence] had but a slight effect on the jury."[33]

Here, the government introduced overwhelming evidence of defendant's guilt, irrespective of the letter and its contents.  One of the tellers present during the robbery of the Salina bank  unequivocally identified defendant as the bank robber from a photo line-up, not long after the robbery, and again identified him before the jury during trial.  Additionally, a woman who was in a committed relationship with the defendant at the time of the robbery, testified at trial and unequivocally identified defendant from bank surveillance photographs taken during the Salina robbery.  Also admitted into evidence were surveillance photographs of the robber taken during the robbery of the Salina bank, as well as a photograph of the defendant around the same time period, allowing the jury to draw its own conclusions from the comparison. Thus, the Court cannot conclude that the letter regarding the Grand Junction bank robbery had a "substantial influence" on the outcome of the case, or created "grave doubt" about such an effect.

In sum, the Court's rulings regarding the Grand Junction bank robbery and admission of the apology letter were proper.  But even in the event the Court erred in admitting the letter, the error did not unfairly prejudice defendant's substantial rights such that a new trial would be

---

[32]*Id.*

[33]*Id.* (quoting *United States v. Sands*, 899 F.2d 912, 916 (10th Cir. 1990)).

warranted.[34]  There was overwhelming evidence apart from the letter that pointed toward defendant's guilt in the Salina bank robbery.  Defendant has not shown that, absent the alleged error, a jury would likely have reached a contrary result.[35]  Therefore, the Court denies defendant's motion for a new trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for New Trial (Doc. 173) is denied.

**IT IS SO ORDERED.**

Dated: July 21, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[34]*See United States v. Oberle*, 136 F.3d 1414, 1418–19 (10th Cir. 1998) (holding that even if admission of defendant's statement "Just tell her I'm going back to prison on a violation.  *Don't* tell her that I have a new case" may have been an abuse of discretion, it did not "require reversal in light of the substantial evidence against Oberle and the limiting instruction given to the jury in the final jury instructions").  In *Oberle*, the Tenth Circuit also held that an FBI agent's testimony that Oberle acknowledged to him that "the robberies were his MO" was properly admitted under Rule 404(b) for the purpose of showing the identity of the bank robber.  *Id.* at 1419.  The Court held:

> Although the statement was prejudicial, its probative value outweighed the prejudice, and the district court gave an instruction regarding the limited purposes for which evidence of other acts may be considered.  Consequently, the district court did not abuse its discretion in allowing the statement to be admitted.

*Id.*

[35]*See Richins v. Deere & Co.*, 231 F.R.D. 623, 625 (D.N.M. 2004).