# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Case No. 05-CR-40157-JAR-01 |
| v. ) | Case No. 13-CV-4022-JAR |
| ) | |
| ALBERT LAWRENCE VAUGHAN, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Albert Vaughan's Motion for Reconsideration (Doc. 224) and Motion to Expand the Record (Doc. 225). For the reasons explained below, Petitioner's motions are denied.

Citing to Fed. R. Civ. P. 59(e), Petitioner asks the Court to reconsider its Memorandum Order and Opinion denying his motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 223). Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been

---

[1] D. Kan. Rule 7.3(a).

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

raised earlier.[3]

Petitioner presents no valid legal argument to warrant relief from the Court's order. Instead, he repeats arguments and allegations regarding application of the Sixth Amendment and purported violations of his right to a speedy trial. Petitioner takes issue with the Court's analysis of *United States v. Seltzer*,[4] which the Court distinguished from this case as it involved completion of state court proceedings before filing charges in the federal case.[5] Petitioner's broad assertions are merely a rehash of his previous arguments, and are insufficient to warrant relief from judgment pursuant to Rule 59(e). Accordingly, Petitioner's motion is denied.

Petitioner's request to expand the record is also denied. In its order denying the § 2255 motion, the Court rejected Petitioner's claims that his counsel ineffectively failed to produce records and witnesses that could have exonerated him.[6] Petitioner states that he told counsel about all the information presented in his § 2255 motion, and that the evidence he cited exists but is not available without a subpoena. Rule 7(a) of the Rules Governing Section 2255 Proceedings states that a district judge may expand the record if needed if the motion is not dismissed.[7] Denial of Petitioner's § 2255 motion and request for reconsideration of the order denying the motion effectively renders his motion to expand the record moot, and the Court will not revisit these claims.

---

[3] *Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4] 595 F.3d 1170 (10th Cir. 2010).

[5] Doc. 223 at 19–21.

[6] *Id*. at 27–31.

[7] Rule 7(a) of the Rules Governing Section 2255 Proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Albert Vaughan's Motion for Reconsideration (Doc. 224) is DENIED;

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expand Record (Doc. 225) is DENIED as moot.

**IT IS SO ORDERED.**

Dated: February 12, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE