IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 5:05-CR-40157-001-JAR |
| ALBERT VAUGHAN, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the government's Motion for Order Authorizing Payment from Inmate Trust Account (Doc. 240) ("Motion for Payment"). In its motion, the government requests $1,923.34 from Defendant Albert Vaughan's inmate account be applied to his outstanding criminal restitution obligation. Defendant opposes the motion.[1] Having carefully reviewed the parties' submissions and the law and facts related to this motion, the Court grants the government's Motion for Payment.

**I.   Factual and Procedural History**

Defendant was found guilty of armed bank robbery and discharging a firearm during a crime of violence in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and 18 U.S.C. § 924(c)(1)(A)(iii).[2] On September 10, 2010, the Court sentenced Defendant to a total of 198 months' imprisonment and five years of supervised release.[3] The Court also ordered Defendant to pay a $200.00 assessment and $9,870.00 in restitution to one non-federal victim.[4] To date,

---

[1] Doc. 241.

[2] Doc. 189.

[3] *Id.*

[4] *Id.*

Defendant paid $25.00 toward the special assessment owed.[5]  The unpaid balance of the special assessment ($175.00) expired in 2015 and was written off pursuant to 18 U.S.C. § 3013(c).[6]  As of April 13, 2021, the balance due on the restitution judgment is $9,870.00.[7]  Defendant remains in federal custody.[8]

Recently, the United States Attorney's Office for the District of Kansas became aware that the Bureau of Prisons ("BOP") maintains possession, custody, or control of $2,023.34 in funds belonging to Defendant.  The government requests that the Court enter an order authorizing the BOP to turn over $1,923.34 from Defendant's inmate account to the Clerk of the Court as payment toward Defendant's outstanding restitution obligation, leaving $100.00 in Defendant's trust account available for personal hygiene and other authorized expenditures.  Defendant opposes the government's request.

**II.    Standard**

The Mandatory Victims Restitution Act ("MVRA") requires that defendants convicted of offenses described in subsection (c) must be sentenced to make restitution to the victim.[9]  Subsection (c) states that these mandatory restitution orders apply to all sentencing proceedings or plea agreements related to charges for any offense considered a crime of violence.[10]  18 U.S.C. § 3664 enforces restitution orders entered under the MVRA.[11]  Specifically, § 3664(n) states:

---

[5] Doc. 240 ¶ 3.

[6] *Id.*

[7] *Id.*

[8] *Id.* ¶ 4.

[9] 18 U.S.C. § 3663A(a)(1).

[10] *Id.* at (c)(1)(A)(i).

[11] *Id.* at (d).

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.[12]

The statute's language is broad. Generally, it is designed to reach any windfall or sudden financial injection received by a person under a restitution requirement.[13] However, the statute's language applies where a defendant "receives substantial resources from any source" after the initial order of restitution.[14] Any source does not include any apparent limitation.[15]

Further, § 3664(f)(2) states that once a court determines the amount of restitution owed to each victim, it must specify, in the restitution order, the manner and schedule according to which the restitution must be paid.[16] The financial resources and other assets of the defendant, his projected earnings and other income, and any financial obligations of the defendant are all considerations in determining the manner and schedule of restitution payments.[17]

### III.  Discussion

The government argues that the requested relief is reasonable and appropriate pursuant to the MVRA because Defendant accumulated significant funds in his inmate trust account.[18] Defendant contends that he is following the schedule of payments determined in his judgment.[19] He requests that the Court allow him to continue making restitution payments through the prison

---

[12] 18 U.S.C. § 3664(n).

[13] *United States v. Caldwell*, No. 2:03-CR-0060696-DAK, 2021 WL 568822, at *2 (D. Utah Feb. 16, 2021). *See also United States v. Grigsby*, No. 12-10174-JTM, 2016 WL 1056560, at *5 (D. Kan. Mar. 16, 2016), *aff'd*, 665 F. App'x 701 (10th Cir. 2016).

[14] *Grigsby*, 2016 WL 1056560, at *5.

[15] *United States v. Shorey*, No. 1:16-CR-00130-JAW-2, 2021 WL 1164773, at *4 (D. Me. Mar. 26, 2021).

[16] 18 U.S.C. § 3664(f)(2).

[17] *Id.*

[18] Doc. 240 ¶ 12.

[19] Doc. 241 at 2.

Financial Responsibility Program.  However, the payments Defendant references are being applied to the criminal judgment entered against him in *United States v. Albert Lawrence Vaughan* in the District of Nevada, Case No. 2:05-CR-0271-JCM-PAL.[20]  The District of Kansas is not currently receiving payments from Defendant.[21]

Since Defendant's sentencing, he obtained substantial resources that he has not placed toward the restitution owed.  The United States has statutory authority under § 3664(n) to offset a defendant's resources from any source toward financial impositions, like restitution, during the defendant's term of incarceration.  The Tenth Circuit supports a broad reading of the any source language in § 3664(n).[22]  Citing *Thornbrugh*, the District of Utah recently ordered a defendant convicted of bank robbery in violation of 18 U.S.C. § 2113(a)—like Defendant Vaughan—to turn over a substantial portion of the funds in his inmate trust account to the Clerk as partial payment toward the defendant's outstanding restitution obligation.[23]  Further, because Defendant's property is cash, it does not belong within a category exempted from restitution in a criminal case.[24]  Accordingly, Defendant cannot claim the substantial resources in his inmate trust account are exempt from use toward restitution payments.

---

[20] Doc. 242 at 2.

[21] *Id.*

[22] *See United States v. Thornbrugh*, 764 F. App'x 655, 657 (10th Cir. 2019) (upholding district court's application of MVRA to an outstanding pre-MVRA restitution award).

[23] *United States v. Caldwell*, No. 2:03-CR-0060696-DAK, 2021 WL 568822, at *2 (D. Utah Feb. 16, 2021); *see United States v. Grigsby*, No. 12-10174-JTM, 2016 WL 1056560, at *5 (D. Kan. Mar. 16, 2016), *aff'd*, 665 F. App'x 701 (10th Cir. 2016) (holding allowing defendant's retirement account to be liquidated to pay restitution).  *But see United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019) (adopting narrow interpretation that prison wages are not "substantial resources" within the ambit of § 3664(n)).

[24] *See* 18 U.S.C. § 3613(a)(1) (exempting (1) wearing apparel and school books; (2) fuel, provisions, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (10) certain service-connected disability payments; and (12) assistance under Job Training Partnership Act).

Additionally, under 18 U.S.C. § 3664(f)(2), requiring Defendant to turn over $1,923.34 in funds held in his inmate account is consistent with his restitution judgment. The judgment states that monetary payments are due "to begin immediately" and "payment of not less than 5% of the funds deposited each month into the inmate's trust fund account."[25] These provisions satisfy the requirements of § 3664(f)(2) because they establish a minimum payment over a set length of time. Consequently, Defendant statutorily must apply the value of his resources to the restitution owed.[26] For the foregoing reasons, the Court grants the government's Motion for Payment.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's Motion for Payment (Doc. 240) is **granted**. The Court orders that the Bureau of Prisons turn over the funds in the amount of $1,923.34 held in Defendant's inmate trust account:

Albert Vaughan
Reg. No. 40351-048
Greenville – FCI
100 U.S. Route 40
P.O. BOX 4000
Greenville, IL 62246

**IT IS FURTHER ORDERED** that the Bureau of Prisons send the funds in Defendant's inmate trust account to "Clerk, U.S. District Court", United States District Court, 401 N. Market, Room 204, Wichita, Kansas 67202 as partial payment toward Defendant's outstanding restitution obligation.

**IT IS SO ORDERED.**

Dated: June 1, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[25] Doc. 189 at 6.

[26] 18 U.S.C. § 3663A(d).